## THE STATE v. HARRIS.

**Practice:** IN CRIMINAL CASES. To justify the supreme court in reducing the penalty adjudged by the district court, all the evidence in the case must be embodied in the record.

*Appeal from Polk District Court.*

FRIDAY, MARCH 21.

INDICTMENT for keeping a nuisance.     Verdict of guilty, and judgment of fine and imprisonment.

The defendant appeals.

*Finch & Sickmon* and *Seward Smith* for the appellant.

*M. E. Cutts*, attorney-general, for the State.

MILLER, J.— On the 23d day of November, 1870, the defendant was indicted for a nuisance in keeping intoxicating liquors in a certain house with intent to sell the same in violation of law. At the same term of the district court to which the

indictment was returned the defendant was tried, found guilty and sentenced to pay a fine of $400, and costs; and in default was ordered to stand committed to the county jail for one hundred and twenty days. From this judgment the defendant appealed to this court, where the same was, on the 23d day of February, 1872, reversed, and the cause remanded for a new trial. The *procedendo* in the case was filed in the office of the clerk of the district court, then in session, on the 18th day of March, 1872, which was the 19th day of the term. The cause was, immediately upon the filing of the *procedendo*, placed on the docket of the district court for trial at that term. The defendant thereupon made a motion for a continuance of the cause, which was overruled, and on the 22d day of March, 1872, the cause was tried, and the defendant again convicted, upon which the court sentenced him to pay a fine of $1,000, and in default thereof, to be imprisoned in the county jail at hard labor for three hundred days, from which sentence the defendant appeals.

I. Counsel for appellant insist that the court erred in putting the defendant on trial at the same term at which the *procedendo* from the supreme court was received and filed in the clerk's office.

We held on the former appeal in this case that, under Revision, sections 4723, 4724, 4725, where a defendant has not been held to answer, previous to the finding of an indictment against him, the cause should be docketed for the next term of the court thereafter; and that it was error to put the defendant on trial against his objection at the same term when the indictment was found. These sections of the statute, however, do not entitle the defendant to a continuance without a showing, after the cause has been reversed in this court, nor is there any other provision of the statute under which the defendant can claim such right.

II. It is further insisted that the court erred in assessing an "*additional* fine of $600," as appellant's counsel denominates it, against the defendant; that the court having sentenced him on the former trial to pay a fine of $400, it was error to increase the judgment to $1,000 on the new trial.

The measure of the sentence is placed by the law in the sound discretion of the court trying the cause not, however, to exceed $1,000 fine. Rev., §§ 1564, 4412. This discretion may in a proper case be revised by this court. Id., § 4925. But in order that we may be enabled to do so we must have all the evidence before us which was before the district court, for without this it is impossible for us to say that the court below has abused the discretion vested in it by the law. The appellant has not brought up the evidence for our examination. In the absence of this, and since the judgment of the court below is within the limits of its legal discretion, we are compelled to presume that it was warranted by the evidence before the court.

The judgment will therefore be

Affirmed.